BEFORE THE FIRST DIVISION, JANUARY 21, 1954

**No. 57786.**—Picker International Corp. *v.* United States, petition 6962–R (New York).

Opinion by OLIVER, C. J. The uncontradicted testimony showed that petitioner had made previous importations of these craniographs and that its broker always sought information from the appraiser prior to entry concerning the proper value of the merchandise; that, prior to the importation in question, petitioner "switched" its import business to a new company, and the entry under consideration was the first ever made by the broker in this instance; and that as soon as petitioner learned that the value stated on the entry was too low, proper adjustment was made. Government counsel stated that "we had the case investigated, and we are satisfied to ask no questions and rest." On the record presented, the court was satisfied that there was no intent to defraud the revenue of the United States, or to conceal or misrepresent the facts of the case, or to deceive the appraiser as to the value of the merchandise. The petition was therefore granted.

BEFORE THE FIRST DIVISION, JANUARY 26, 1954

**No. 57787.**—Schneider Bros. & Co., Inc., a/c James A. Merkel *v.* United States, protest 165085–K (New York).

Opinion by OLIVER, C. J. In accordance with stipulation of counsel that the kidskins plates are similar in all material respects to those the subject of *Kung Chen Fur Corpn.* v. *United States* (29 Cust. Ct. 266, C. D. 1480), the claim for free entry under paragraph 1681 was sustained.

FORD, J., concurred.

MOLLISON, J., dissented for the reasons set forth in his dissenting opinion in C. D. 1480, *supra*.